UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 12-4895 (CAS) (AJWx) | Date | September 21, 2012 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. EXPERIAN INFORMATION, INC. ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants

Not Present       Not Present

**Proceedings:** **(In Chambers): ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH VEXATIOUS LITIGANT PRE-FILING ORDERS**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

On April 25, 2011, the Court declared *pro se* plaintiff Benedict Waters a vexatious litigant in this district. See Benedict Waters v. Howard Sommers Towing, Inc. et al, Case No. CV 10-5296 CAS (AJWx), Dkt. No. 81 (citing Cal. Code Civ. P. §§ 391.3, 391.7; Local Rule 83-8.4). On July 9, 2012, the Court clarified the steps plaintiff must take to file any pleading or motion in connection with "any existing or future action relating to the towing of his vehicles or to the debts arising therefrom." See Benedict Waters v. Juan Carlos Casas, et al., Case No. CV 09-7696 CAS (AJWx), Dkt. No. 306. Specifically, plaintiff must first submit his proposed filings to the Court. If the Court determines that plaintiff makes an initial showing of likelihood of success as to the merits of the pleadings or motions, then plaintiff may file the proposed documents only upon the furnishing of security in the amount of $2,500 for the defendants. Id.

On February 6, 2012, plaintiff filed the instant action in the United States District Court for the Southern District of California against defendants Experian Information Solutions, Inc. ("Experian"), Jones Day, Eric Hardeman, and others. The gravamen of plaintiff's complaint is that Experian violated the Fair Credit Reporting Act when it furnished plaintiffs credit file to its attorneys. The case arises out of two prior actions asserted against Experian related to the allegedly unlawful towing of plaintiff's vehicle in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-4895 (CAS) (AJWx) | Date | September 21, 2012 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. EXPERIAN INFORMATION, INC. ET. AL. | | |

Los Angeles, CA. See Benedict Waters v. Hollywood Tow Serv., Inc., et al., Case No. CV 07-7568 CAS (AJWx) (filed November 19, 2007); and Benedict Waters v. Juan Carlos Casas, et al., Case No. CV 09-7696 CAS (AJWx) (filed October 22, 2009). Because of those two prior cases, the instant action was transferred to this district on June 11, 2012.

On June 18, 2012, plaintiff filed a motion for leave to file a supplemental complaint. The supplemental complaint asserts that defendants violated the FCRA by furnishing his credit report to third parties for their use in litigation, an act, which plaintiff claims, does not fall into one of the six limited purposes enumerated under 15 U.S.C. § 1681(b). See Dkt No. 52 at 1.

The vexatious litigant order requires plaintiff "to submit for screening [by the Court] any pleading or motion that plaintiff proposes to file in connection with any existing or future action relating to the towing of his vehicles or to the debts arising therefrom," and to furnish a $2,500 security as a condition of filing such pleading or motion. <u>Benedict Waters v. Juan Carlos Casas, et al.</u>, Case No. CV 09-7696 CAS (AJWx), Dkt. No. 306. Plaintiff has failed to do so, and has thereby violated the vexatious litigant order. This action arose from litigation pertaining to the towing of plaintiff's vehicle, and is therefore well within the scope of the order.

Prior to making any additional filings in this case, plaintiff must show a likelihood of success on the merits of this action in light of defendant's briefing in their motions to dismiss and for judgment on the pleadings. Dkt. Nos. 12 – 13. Among other things, plaintiff must address why the alleged actions by defendants were unlawful in light of the fact that defendants were client and lawyer during the relevant time periods.[1]

---

[1] Plaintiff's oppositions to these motions were filed improperly, and focus substantially on the fact that the defendants relied on matters outside the pleadings in their motions to dismiss and for judgment on the pleadings. To comply with the vexatious litigant order, plaintiff must submit to the Court argument and evidence focusing on the merits of his case, and must omit specious and unfounded attacks on the Court, defendants, and defendants' counsel. In this regard, the Court notes that because defendant Jones Day represented defendant Experian in the underlying litigation, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-4895 (CAS) (AJWx) | Date | September 21, 2012 |
| Title | B. BENEDICT WATERS V. EXPERIAN INFORMATION, INC. ET. AL. | | |

Therefore, the Court DISMISSES the case without prejudice until plaintiff complies with the vexatious litigant order.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

therefore stands in its shoes with respect to matters related to the litigation, it is unlikely that plaintiff can make the required showing.